United States District Court
Central District of Illinois
Peoria Division

| | | |
|---|---|---|
| The Estate of Rickey M. Washington, Jr, Deceased, by Treyvon Cobb, Special Administrator,<br>    Plaintiff, | § § § § § | A Jury Trial is Demanded |
| v. | § § | Civil Action No. 1:22-cv-1258 |
| Advance Trucking Solutions, Inc. And Shahzada Fazil,<br>    Defendants. | § § § | |

## Complaint at Law

Comes now Plaintiff, The Estate of Rickey M. Washington, Jr., deceased, by Treyvon Cobb, Special Administrator, by and through his attorney Robert J. Sigler, and for cause of action against Defendants, Advance Trucking Solutions, Inc. and Shahzada Fazil, would show:

## The Parties

1. Treyvon Cobb, Special Administrator of the Estate of Rickey M. Washington, Jr. brings this suit on behalf of those entitled to recover for the wrongful death of Rickey M. Washington, Jr. At the time of his death Rickey M. Washington, Jr. was a resident of Memphis, Tennessee.

2. Defendant Advance Trucking Solutions, Inc. is a Canadian corporation, whose principal place of business is 400 Brunel Rd., Mississauga, Ontario, L4Z 2C2. Defendant can be served with process by serving its authorized agent Michelle L. Carey, 150 South Wacker Drive, Ste. 2600, Chicago, Illinois, 60606.

3. Defendant Shahzada Fazil is an individual residing at 511 The West Mall, Etobicoke, Ontario, M9C 1G5 and he can be served at this address.

**Jurisdiction and Venue**

4. The amount of the controversy exceeds seventy-five thousand dollars (>$75,000), exclusive of costs and interest, and diversity jurisdiction exists pursuant to 28 U.S.C. §1332(a)(2), as Washington was a resident of Tennessee at the time of his death and both Defendants are residents of Canada. See, 28 U.S.C. §1332(c)(2).

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(b)(2) in that the events and/or omissions giving rise to this claim occurred within the Central District of Illinois.

6. Assignment of this case in Peoria is proper pursuant to Local Rule 40.1 in that the events and/or omissions giving rise to this claim occurred within McClean County, State of Illinois.

**Factual Background**

7. On December 28, 2021, Shahzada Fazil was operating a tractor-trailer in the course and scope of his employment for Advance Trucking Solutions, Inc. Fazil was traveling south through Dale Township, McLean County, Illinois, on a straight portion of IH 55, with multiple lanes of travel in his direction. Fazil took his eyes off the highway for over 30 seconds and looked directly at his cell phone. Completely distracted, he collided with Washington's disabled vehicle in his lane of travel. Washington's vehicle was clearly visible in the roadway and had its hazards activated but had become disabled near an exit to IH 55. Despite the fact that Washington's vehicle was clearly visible, and that Fazil had more than adequate time to take evasive action by stopping his tractor-trailer or moving to an adjacent lane, Fazil took no evasive action and drove directly into Washington's vehicle at a high rate of speed, causing a catastrophic collision and Washington's death.

8. Washington is survived by his adult son, Treyvon Cobb and his minor daughter, R.W.

## Count One
## Wrongful Death: Negligence Against Shahzada Fazil

9. Plaintiff incorporates ¶s 1-8, set out above.

10. At the time and place of the collision, Fazil had the duty to use care and caution in the operation of the tractor-trailer.

11. At the time and place of the collision, Fazil was guilty of the following negligent acts or omissions:

   a. Failure to keep a proper lookout,

   b. Driving his tractor-trailer into the rear of the vehicle driven by Washington,

   c. Driving his tractor-trailer while he was distracted by a cellular phone, and

   d. Failing to take evasive action to avoid Washington's disabled vehicle in the roadway.

12. These acts of negligence, independently and in combination, proximately caused the death of Rickey M. Washington, Jr.

13. On July 13, 2022, Treyvon Cobb was appointed as Special Administrator of the Estate of Rickey M. Washington, Jr., Peoria County, Illinois, in the Circuit Court for the Tenth District, cause number 2022-PR-0000194.

14. On December 28, 2021, Rickey M. Washington left the following next of kin:

   a. Treyvon Cobb, adult son, and

   b. R.W., minor daughter.

15. On December 28, 2021, the Illinois Wrongful Death Act Art. 740 ILCS 180/1 et al. was in full force and effect. The Illinois Wrongful Death Act provides that a representative of a

deceased person may bring an action against those alleged to have caused the death of the deceased on behalf of the deceased's next of kin.

16. Pursuant to the Illinois Wrongful Death Act, Treyvon Cobb, as Special Administrator of the Estate of Rickey M. Washington, Jr., requests damages and compensation for the following elements of damages experienced by Rickey M. Washington Jr.'s next of kin:

   a. Grief,

   b. Sorrow,

   c. Mental suffering,

   d. Pecuniary loss,

   e. Loss of instruction, moral training, and superintendence of education that Rickey M. Washington, Jr. might have reasonably been expected to give his children had he lived, and

   f. Loss of society.

Wherefore, Plaintiff Treyvon Cobb, special administrator to the Estate of Rickey M. Washington, Jr. prays for judgment against defendant, Shahzada Fazil, in an amount in excess of the jurisdictional requirements of this Court, costs of suit, and any further relief that this Court finds fair and just AND DEMANDS THAT THE ISSUES HEREIN CONTAINED BE TRIED BY A JURY.

## Count Two
## Wrongful Death: Respondeat Superior Against Advance Trucking Solutions, Inc.

17. Plaintiff incorporates ¶s 1-16, set out above.

18. At the time and place of the collision, Fazil was an employee and/or agent of Advance Trucking Solutions, Inc. and was acting within the course and scope of his employment and/or agency as he was driving the tractor-trailer, owned and/or operated by Advance Trucking, as part of his job duties.

19. At the time and of the collision, Advance Trucking's employee, Fazil, had the duty to use care and caution in the operation of the tractor-trailer.

20. At the time and place of the collision, Defendant Advance Trucking was guilty under the doctrine of respondeat superior, for one or more of the following negligent acts or omissions by its employee, Fazil:

    a. Failure to keep a proper lookout.

    b. Driving his tractor-trailer into the rear of the vehicle driven by Washington.

    c. Driving his tractor-trailer while he was distracted by a cellular phone.

    d. Failing to take evasive action to avoid Washington's disabled vehicle in the roadway.

21. These acts of negligence, for which Advanced Trucking is vicariously liable, proximately caused Washington's death.

22. On July 13, 2022, Treyvon Cobb was appointed as Special Administrator of the Estate of Rickey M. Washington, Jr., Peoria County, Illinois, in the Circuit Court for the Tenth District, cause number 2022-PR-0000194.

23. On December 28, 2021, Rickey M. Washington, Jr. left the following next of kin:

    a. Treyvon Cobb, adult son, and

    b. R.W., minor daughter.

24. On December 28, 2021, the Illinois Wrongful Death Act Art. 740 ILCS 180/1 et al. was in full force and effect. The Illinois Wrongful Death Act provides that a representative of a deceased person may bring an action against those alleged to have caused the death of the deceased on behalf of the deceased's next of kin.

25. Pursuant to the Illinois Wrongful Death Act, Treyvon Cobb, as Special Administrator of the Estate of Rickey M. Washington, Jr., requests damages and compensation for the following elements of damages experienced by Rickey M. Washington Jr.'s next of kin:

    a. Grief,

    b. Sorrow,

    c. Mental suffering,

    d. Pecuniary loss,

    e. Loss of instruction, moral training, and superintendence of education that Rickey M. Washington, Jr. might have reasonably been expected to give his children had he lived, and

    f. Loss of society.

Wherefore, Plaintiff Treyvon Cobb, special administrator to the Estate of Rickey M. Washington, Jr. prays for judgment against defendant, Advance Trucking Solutions, Inc., in an amount in excess of the jurisdictional requirements of this Court, costs of suit, and any further relief that this Court finds fair and just AND DEMANDS THAT THE ISSUES HEREIN CONTAINED BE TRIED BY A JURY.

## Count Three
**Wrongful Death: Negligent Entrustment Against Advance Trucking Solutions, Inc.**

26. Plaintiff realleges and repleads all of the allegations set forth in ¶s 1-25, set out above.

27. On or before December 28, 2021, Advanced Trucking hired Fazil and retained him to operate a tractor-trailer on December 28, 2021, acting as an agent, servant, and/or employee of Advanced Trucking.

28. On or before December 28, 2021, Advanced retained Fazil to operate a tractor-trailer on December 28, 2021, on their behalf.

29. It was the duty of Advanced Trucking to deny the entrustment of a tractor-trailer to a driver, hired on their behalf, who Advanced Trucking knew, or by the exercise of reasonable diligence should have known, was incompetent or unfit to drive, given the circumstances.

30. Pursuant to 49 C.F.R §391.25, it was the duty of Advanced Trucking to conduct an annual inquiry and review of Fazil's overall driving record, his regard for the public's safety, involvement in motor vehicle collisions, and violations of traffic, criminal and other laws.

31. Advanced Trucking breached the duties set out above, and negligently entrusted the tractor-trailer to Fazil, even though Advanced Trucking knew, or by the exercise of reasonable diligence should have known, that Fazil was unfit to be entrusted with a tractor-trailer.

32. As a direct and proximate result of Advance Trucking negligently entrusting Fazil with a tractor-trailer, and his particular unfitness to be entrusted, Fazil caused the tractor-trailer to collide with Washington's vehicle, thereby causing his death.

33. On July 13, 2022, Treyvon Cobb was appointed as Special Administrator of the Estate of Rickey M. Washington, Jr., Peoria County, Illinois, in the Circuit Court for the Tenth District, cause number 2022-PR-0000194.

34. On December 28, 2021, Rickey M. Washington, Jr. left the following next of kin:

    a. Treyvon Cobb, adult son, and

    b. R.W., minor daughter.

35. On December 28, 2021, the Illinois Wrongful Death Act Art. 740 ILCS 180/1 et al. was in full force and effect. The Illinois Wrongful Death Act provides that a representative of a deceased person may bring an action against those alleged to have caused the death of the deceased on behalf of the deceased's next of kin.

36. Pursuant to the Illinois Wrongful Death Act, Treyvon Cobb, as Special Administrator of the Estate of Rickey M. Washington, Jr., requests damages and compensation for the following elements of damages experienced by Rickey M. Washington Jr.'s next of kin:

   a. Grief,

   b. Sorrow,

   c. Mental suffering,

   d. Pecuniary loss,

   e. Loss of instruction, moral training, and superintendence of education that Rickey M. Washington, Jr. might have reasonably been expected to give his children had he lived, and

   f. Loss of society.

Wherefore, Plaintiff Treyvon Cobb, special administrator to the Estate of Rickey M. Washington, Jr. prays for judgment against defendant, Advance Trucking Solutions, Inc., in an amount in excess of the jurisdictional requirements of this Court, costs of suit, and any further relief that this Court finds fair and just AND DEMANDS THAT THE ISSUES HEREIN CONTAINED BE TRIED BY A JURY.

### Count Four
### Wrongful Death: Negligent Training, Hiring, and Supervision against Advance Trucking Solutions, Inc.

37. Plaintiff realleges and repleads all of the allegations set forth in ¶s 1-36, set out above.

38. Prior to December 28, 2021, Advance Trucking retained and entrusted Fazil to operate a tractor-trailer on December 28, 2021.

39. The death of Rickey M. Washington, Jr. and the resulting injuries to his next of kin are attributable to Advance Trucking's negligent training and supervision of their employees and/or Fazil. Such negligence includes but is not limited to Advance Trucking's:

      a. Failure to explain and demonstrate its safety policies and procedures to its employees and/or Fazil;

      b. Failure to provide necessary training to its employees and/or Fazil regarding the tractor-trailer, vehicle safety, and how to drive without using a cell phone;

      c. Failure to properly train its drivers regarding all aspects of safety;

      d. Failure to provide and/or require regular follow up driver education and training;

      e. Negligently hiring Fazil without ensuring he was capable and/or qualified to operate a tractor-trailer, and

      f. Such other further acts and omissions which may be deemed negligent.

40. As a direct and proximate result of the forgoing careless and negligent acts and/or omissions on the part of Advance Trucking, the tractor-trailer Fazil was operating collided into Washington's vehicle and caused his death.

41. On July 13, 2022, Treyvon Cobb was appointed as Special Administrator of the Estate of Rickey M. Washington, Jr., Peoria County, Illinois, in the Circuit Court for the Tenth Judicial District, cause number 2022-PR-0000194.

42. On December 28, 2021, Rickey M. Washington, Jr. left the following next of kin:

      a. Treyvon Cobb, adult son, and

      b. R.W., minor daughter.

43. On December 28, 2021, the Illinois Wrongful Death Act Art. 740 ILCS 180/1 et al. was in full force and effect. The Illinois Wrongful Death Act provides that a representative of a deceased person may bring an action against those alleged to have caused the death of the deceased on behalf of the deceased's next of kin.

44. Pursuant to the Illinois Wrongful Death Act, Treyvon Cobb, as Special Administrator of the Estate of Rickey M. Washington, Jr., requests damages and compensation for the following elements of damages experienced by Rickey M. Washington Jr.'s next of kin:

  a. Grief,

  b. Sorrow,

  c. Mental suffering,

  d. Pecuniary loss,

  e. Loss of instruction, moral training, and superintendence of education that Rickey M. Washington, Jr. might have reasonably been expected to give his children had he lived, and

  f. Loss of society.

Wherefore, Plaintiff Treyvon Cobb, special administrator to the Estate of Rickey M. Washington, Jr. prays for judgment against defendant, Advance Trucking Solutions, Inc., in an amount in excess of the jurisdictional requirements of this Court, costs of suit, and any further relief that this Court finds fair and just AND DEMANDS THAT THE ISSUES HEREIN CONTAINED BE TRIED BY A JURY.

**Damages**

45. Plaintiff realleges all of the allegations set for in ¶s 1-44, set out above.

46. The above breaches of the standard of care by Defendant Advance Trucking Solutions, Inc. and Shahzada Fazil were a proximate cause of Rickey M. Washington, Jr.'s death and thereby caused harm to Rickey Washington's next of kin. As a result of Defendants' conduct set forth herein, Rickey M. Washington, Jr.'s next of kin suffered damages including but not limited to grief, sorrow, mental suffering, pecuniary loss, loss of society and loss of instruction, moral training, and superintendence of education that Rickey M. Washington, Jr. might have reasonably been expected to give his children had he lived.

## Jury Trial

47.     Plaintiff hereby requests a trial by jury.

## Prayer

Plaintiff prays for service upon Defendants requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants in a total sum in excess of $75,000, plus pre-judgment and post-judgment interest and all costs of court to which Plaintiff may show himself entitled.

Respectfully submitted,

Bryan K. Harris, PC
5262 South Staples
Suite 100
Corpus Christi, Texas 78411
Phone: (361) 992-9646
Facsimile (361) 992-9671


By: */s/ Robert J. Sigler*
      Robert J. Sigler
      Texas State Bar No. 18347750
      Admission No. 12586
      rsigler@bkharrispc.com

**ATTORNEY FOR PLAINTIFF**